**In re Louis Gordon BURGESS and Pauline Kaye Burgess.**

**Bankruptcy No. 94–40687 S.**

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

Nov. 8, 1995.

Gordon and Pauline Burgess, Springfield, AR, pro se.

Charles Davidson, Trustee, Little Rock, AR.

## ORDER SUSTAINING OBJECTION TO SETTLEMENT

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the debtor's letter objection, filed on May 22, 1995. On March 8, 1995, the trustee filed a Compromise and Settlement Agreement, Combined with Notice Thereof, under which the trustee proposed to settle a lawsuit against Swift Eckrich, Inc. pending in the United States District Court for the Western District of Arkansas, Case No. 94–5137. While the notice stated that objections were to be filed on or before April 5, 1995, it does not appear that this notice was actually served upon any person or entity. Although on April 18, 1995, an Order was entered approving the settlement, it was not until April 24, 1995, that the trustee filed an affidavit of mailing, which affidavit indicated that notices were mailed on April 24, 1995. Inasmuch as notice was improper, the trustee, on April 24, 1995, refiled the settlement proposal with an amended notice. The notice advised that objections were to be filed on or before May 22, 1995. The debtors timely filed an objection to the compromise and settlement on May 22, 1995.

The trustee proposes to settle the above-described lawsuit for a payment from the defendant in the amount of $50,000. It is undisputed that this settlement would pay all of the unsecured debts, the trustee's fees, and provide for some payment to the debtor. The debtors object to the settlement on the basis that the suit has a value greatly in excess of the settlement proposal. Inasmuch as there is insufficient evidence of the reasonableness of the settlement proposal, and, there is evidence that the settlement may constitute a waste of the estate asset, the objection will be sustained.

In *In re Bowman*, 181 B.R. 836 (Bankr.D.Md.1995), the court stated the rule

under which settlement may be approved. The court *may* approve the settlement unless the amount is below what is reasonable. The court should approve the settlement if

1. It provides for prompt payment to the creditors;

2. Rejection of a settlement offer may expose the trustee to lesser recovery;

3. Rejection would benefit only the debtor; and

4. Settlement is the best way to realize the asset without undue waste or needless litigation.

■ In this instance, it is clear that two of the four factors weigh in favor of the trustee. Specifically, the rejection benefits only the debtors since they will recover all of the value in excess of the settlement amount. Secondly, the settlement would provide for payment to all unsecured creditors.

However, the Court cannot find that settlement in the proposed amount is reasonable because several potential means of recovery were not considered by the trustee. The evidence demonstrated that the potential recovery of this suit is far in excess of the proposed settlement, in contrast to a marked lack of evidence regarding any litigation hazards. The lack of information regarding litigation hazards is important in this case because of the existence of similar suits against Swift Eckrich, Inc. in which punitive damages, among other recovery causes or elements, appear to have substantial value.

The evidence before the Court is that compensatory damages in the suit would be properly calculated at $65,000. While a settlement of $50,000 may be a reasonable sum on a case valued at $65,000, the asset appears to have a greater value than $65,000. This is demonstrated by the fact that the trustee did not take into account several potential elements of the recovery calculus: punitive damages, a usury cause of action, and a breach of contract cause. The trustee admits that he did not even consider punitive damages in the settlement calculus, but ad-

mits that they are a potential. Inasmuch as the Eighth Circuit recently reversed the U.S. District Court for the Eastern District of Arkansas for *not* submitting a similar case to the jury for a determination of punitive damages, the failure to consider, and negotiate with regard to, punitive damages does not appear reasonable. *See Renfro v. Swift Eckrich, Inc.*, 53 F.3d 1460 (8th Cir.1995); *see also Jackson v. Swift Eckrich, Inc.*, 53 F.3d 1452 (8th Cir.1995) (district court properly ruled that the fraud and breach of contract claims were for the jury). Second, The contract claim was not considered in calculating damages. While there is no evidence as to the value of this claim, it should be considered in the determination of settlement.[1] Finally, there is a usury count which may be viable. *Compare Renfro v. Swift Eckrich, Inc.*, 53 F.3d 1460 (8th Cir.1995) (usury count filed, but failed for lack of evidence of the interest rate at the time of contracting).

The circumstances in *Bowman*, 181 B.R. 836, the case urged by the trustee, are clearly distinguishable. Of primary import in *Bowman* was the debtor's evident bad faith in managing the Chapter 11 assets, including the lawsuit at issue in that case. Moreover, in *Bowman* the debtor originally claimed the lawsuit was worth less than the settlement amount, and only asserted a higher amount in the objection to settlement. Finally, the court believed that punitive damages would be "difficult" under Maryland law.

The debtor, while making a statement to the court and during cross-examination presented a demeanor consistent with truthfulness and, based upon his brief questions to the trustee's expert, appeared to have some knowledge of the appropriate damages of this case. In light of the failure of the trustee to take into account several factors in the potential recovery, the lack of evidence regarding litigation risks in contrast to recoveries in similar suits, and the evidence regarding the value of the suit, the Court believes that $50,000 is an amount below what is reasonable. Accordingly, while set-

---

1. It appears that, in addition to the cases pending in the districts in Arkansas, there are similar cases against this defendant in other districts. *See, e.g., Godshall's Hatchery, Inc. v. Swift–Eck-*

*rich, Inc.*, 1989 WL 126238, 1989 U.S.Dist.Lexis 12526 (E.D.Pa. Oct. 20, 1989) (claim for breach of oral contract against Swift Eckrich, Inc.)

tlement for some sum may be appropriate in this case,[2] the Court does not believe that $50,000 is appropriate.

**ORDERED** as follows:

1.  The Order of April 18, 1995, approving settlement is set aside.

2.  The debtor's objection to the compromise and settlement is SUSTAINED.

**IT IS SO ORDERED.**

2.  Counsel for plaintiffs in the other cases pending in the districts of Arkansas may provide the most guidance for the trustee.